Ruffin, Chief Justice.
 

 In 1831, one Norfleet and the present defendant executed a bond to the plaintiff for $101 50 cents, on which a warrant was sued out against both of the obligors, on the 27th of May, 1837. On the 1st of June following, Norfleet, by deed, (to whicfi the plaintiff and one Valentine were also parties,) conveyed to l^aíentine personal property, of value sufficient to discharge the debt and costs, upon trust that if Norfleet should not pay the debt before the 15th of October following, Valentine should at any time thereafter sell the property and discharge the debt. A payment of $50 having been before made, the plaintiff, on the 30th of June, 1837, took judgment for the balance due on the bond and costs. After the execution of the deed, Nor-fleet retained possession of the property, using and disposing of it as his own. In October, he requested the plaintiff to have a sale made under the deed, and raise his debt, as he said the defendant was uneasy. The plaintiff said he would, but nothing was done until after the death of Norfleet, insolvent, in November, 1837, when Valentine sold such effects as Norfleet had not consumed or sold, and applied the proceeds thereof towards the satisfaction of the plaintiff. There was still a balance due on the judgment, for which the present suit was brought. Besides other pleas, the defendant pleaded specially, that he was the surety for Norfleet in the bond and judgment given thereon, and that the plaintiff, without his privity, took the deed df trust, as above mentioned, as a security for his debt, and thereupon agreed to give time to the principal until the 15th day of October, 1837, for payment, and also had allowed Norfleet to waste and convert the property, conveyed by said deed, to'his own use; whereby the defendant was discharged.
 

 On the trial, the presiding judge gave his opinion, that the facts set forth in the special plea, if true, did not discharge the defendant, who did not undertake merely to see that Nor-fleet should pay the debt, but, by executing the bond, became legally and directly bound therefor, as much so as Norfleet
 
 *218
 
 himself. Under this advice, the jury found a verdict for the plaintiff; and from the judgment thereon the defendant appealed.
 

 The cases of King vs. Dev? 341,3 Alston"14VS' Dev. 35i & State Bank vs. Locke et ssg^cited'L approved,
 

 Without adverting to the circumstance that the first judgment was taken against the principal and the surety, after the execution of the deed of trust by the former, and the agreement of the creditor to indulge, we should concur in the opinion of his Honor, regarding the suit as being brought on the original bond, instead of the former judgment. The circumstances, if unanswered, might create an equity, of which the defendant might have the benefit in another jurisdiction. But a court of law deals only with legal liabilities and legal discharges. There has been but one doctrine held on this subject by the Courts of this State.
 
 King
 
 vs. Morrison, 2 Dev. 341.
 
 Binford
 
 vs. Alston, 4 Dev. 351.
 
 State Bank
 
 vs.
 
 Locke
 
 &
 
 al.
 
 4 Dev. 529. If two persons are bound by a bond or a judgment for the payment of a sum of money, the one is liable to the creditor in the same manner atld to the same extent as the other, although as between themselves they stand as principal and surety. In respect of the creditor, they are joint debtors, fixed with the same obligation; and what discharges one, discharges the other— and nothing less. An agreement for indulgence to the principal does not amount to satisfaction; and nothing
 
 in pais
 
 can discharge an obligation or a judgment but performance or satisfaction. ^
 

 Per Curiam. Judgment of the Court below affirmed.