GEORGE W. LOGAN and others v. A. D. K. WALLIS and others.

*Practice -- Joinder of Actions -- Demurrer.*

1. A cause of action founded on a tort cannot be joined with one founded on contract; but where a cause of action founded on a conversion of personal property was joined with other causes of action founded on contract; *Held*, not to be error; that the plaintiff might waive the tort and sue on the implied contract.

2. A cause of action against one on a joint contract as a partner may be joined with a cause of action against such partner individually.

3. Causes of action which may be joined must affect all the parties to the action; *Therefore*, when a complete determination of a cause of action joined with others requires parties not necessary to the other causes of action; *Held*, to be demurrable.

CIVIL ACTION, tried at Spring Term, 1876, of RUTHERFORD Superior Court, before *Schenck, J.*

The plaintiffs in this case are R. W. Logan and George W. Logan, and the defendants are three in number, to-wit, A. D. K. Wallis, W. O. Wallis, and R. J. Williams.

The complaint states five causes of action in respect to which it demanded relief.

1. For the rent of a house at Chimney Rock which George W. Logan demised to A. D. K. Wallis.

2. For the rent of another house and field which George W. Logan demised to A. D. K. Wallis.

3. For the rent of a third piece of land which one Justice, who was a partner of A. D. K. Wallis, rented of George W. Logan.

4. For the value of a certain quantity of corn which was on a piece of land demised to A. D. K. Wallis and which the said Wallace consumed.

5. That R. W. Logan purchased a house and lot from A. D. K. Wallis, paid a part of the price, and gave his note for the residue of $330, dated 7th November, 1873, and payable on 1st March, 1874. On 28th August, 1874, A. D. K. Wallis endorsed the note without recourse to the defendant Williams. R. W. Logan did not receive any conveyance from A. D. K. Wallis for said lot, but said A. D. K. Wallis and W. O. Wallis gave said Logan a bond of the same date with the note aforesaid to make him a title on payment of the purchase money.

On the 1st February, 1874, R. W. Logan assigned said bond for title to George W. Logan. Before the assignment of the note aforesaid to Williams, A. D. K. Wallis the payee had notice of the assignment by R. W. Logan of the bond for title aforesaid, and also that George W. Logan had assumed the liability upon said note, and would allow it upon a settlement of accounts between him and said A. D. K. Wallis.

The plaintiffs demand judgment that A. D. K. Wallis account with George W. Logan; that said note of R. W. Logan be charged against George W. Logan in such account; that A. D. K. Wallis pay any balance which may thereupon be found owing to George W. Logan; and that he make to said George a title to the lot aforesaid.

The defendants demurred to this complaint as misjoining parties, both plaintiff and defendant, and as misjoining the

causes of action. The Court sustained the demurrer and the plaintiffs appealed.

*Mess s. D. G. Fowle* and *J. C. L. Harris*, for plaintiffs.
*Messrs. M. H. Justice* and *W. J. Montgomery*, for defendants.

RODMAN, J. (After stating the facts as above.) It will . be convenient to consider first the misjoinder of subjects of action because our conclusion upon that may make unnecessary any consideration of the other causes of demurrer.

It must be admitted that the first three causes of action may properly be joined. C. C. P. § 126, (sub sec. 2.) For although Justice might have been sued as a joint contractor with A. D. K. Wallis, the plaintiff might sue the latter alone. C. C. P. § 63. These causes of action are all founded on contract. No cause of action founded on a tort could be joined with these unless the plaintiff could waive the tort and sue on an implied contract.

The fourth cause of action is for the conversion of the plaintiff George's corn. The plaintiff could have sued for the wrongful conversion. But we think he might also waive the tort and sue on the implied contract. The corn was on the land which George demised to A. D. K. Wallis and he was consequently a bailee of it. Without undertaking to state accurately the rule, it will suffice to say that this cause of action comes within that established by the authorities.

The leading cases on this subject are cited in 1 Chit. Pl. 100-107, and note. Chitty says, "Where the goods of a trader, after his act of bankruptcy, are taken in execution or otherwise tortiously disposed of without the concurrence of the assignees, they may waive the tort and declare in assumpsit, &c." "Assumpsit also lies to recover money paid, or goods delivered by a bankrupt by the way of fraudulent

preference." The case of *Goldthwaite* v. *Kempton*, 13 N. H. 449, closely resembles ours.

The fifth cause of action is misjoined with the others. It will be observed that the plaintiff R. W. Logan and the defendants W. O. Wallis and Williams are in no wise connected with the first four causes of action. To a complete determination of the matters alleged as the fifth cause of action, they are or may be necessary parties. C. C. P. § 126, says that the causes of action which may be joined must affect all the parties to the action. We concur with the Judge in sustaining the demurrer.

Judgment affirmed with leave to plaintiff to amend his complaint. Case remanded. Let this opinion be certified.

PER CURIAM.                         Judgment affirmed.