JOHN O. ALEXANDER and wife v. C. H. and W. L. WOLFE Executors.

*Pleading—Settlement of Estates—Parties.*

1 Plaintiffs brought action as heirs-at-law of D. W. L. against the executors of J. W., her former guardian and administrator, to recover the amount due her from J. W. The estate of the infant consisted partly of personal property, and partly of the proceeds of land paid over to the guardian ; *Held,*

(1) That a demurrer to the complaint assigning for cause a misjoinder of causes of action, necessitating the taking of two accounts, one of J. W's administration, and one of his guardianship, was properly overruled.

(2) That whatever sum was in the hands of the guardian was by act of law transferred to him as administrator upon his assuming the latter office and coming into possession of assets.

(3) That in order to a speedy and satisfactory settlement of the estate, there should be an administrator *de bonis non* in court to receive and apply the proceeds of the realty left in the hands of J. W. at his death.

(*Allison* v. *Robinson*, 78 N. C., 222, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MECKLENBURG Superior Court, before *McKoy, J.*

The case was heard upon complaint and demurrer. The judge overruled the demurrer, and the defendant appealed.

ALEXANDER *v.* WOLFE.

*Messrs. Jones & Johnston,* for plaintiffs.
*Mr W. W. Flemming,* for defendants.

SMITH, C. J.   The plaintiffs, heirs at law and next of kin of Dorcas W. Lee, deceased, bring their action against the defendants, executors of John Wolfe, her former guardian and administrator, to recover the amount due her by their testator.   The estate of the infant is alleged to consist of some $2,000 in personal property and $940.45 proceeds of the sale of her land paid over to the guardian.

The defendants demur to the complaint and specify as the grounds of objection that it contains two distinct causes of action and requires the taking of two accounts, to-wit, of the testator's management of the infant's estate as her guardian, and of his administration since her death.

The demurrer was properly overruled, as both accounts, the one preceding the other, are necessary to arrive at the amount due from the testator.   Whatever sum was in his hands as guardian, upon his appointment as adminis- trator and coming into possession of assets applicable and sufficient to meet the liability, was thereby transferred and he became chargeable in the latter capacity.   Both accounts are therefore necessary to be stated, and that of his adminis- tration will show what is due.   But the trust fund is made up in part of the proceeds of sale of real estate and while this may be recovered by the heirs at law without the pres- ence of an administrator *de bonis non,* in the opinion of the court delivered in the case of *Allison* v. *Robinson,* 78 N. C., 222, which is very similar to our own, such administrator for reasons there assigned ought to be made a co-plaintiff in order to the recovery of the full amount due to both in one action, and the defendants not be harassed with two suits and the taking the same accounts a second time.   The over- ruling of the demurrer is sustained, and this will be certi-

18

fied in order to further proceedings according to this opinion.

No error.                                            Affirmed.