*T. H. STREET, Adm'r v. N. N. TUCK and others.

*Complaint—Demurrer—Division of Action.*

A complaint in which are joined two causes of action, the one upon a clerk's bond and the other upon a bond of an administrator, is demurrable. But in such case the court may order the action to be divided. C. C. P. §§ 126, 131.

(*Harris* v. *Harrison*, 78 N. C., 202; *Land Co.* v. *Beatty*, 69 N. C., 329; *Alexander* v. *Wolfe*, 83 N. C., 272; *Logan* v. *Wallis*, 76 N. C., 416, cited and approved.)

. CIVIL ACTION tried upon complaint and demurrer at Fall Term, 1880, of PERSON Superior Court, before *Eure, J.*
Demurrer overruled and defendants appealed.

*Messrs. Graham & Ruffin* and *A. W. Graham,* for plaintiff.
*Messrs. L. C. Edwards* and *J. B. Batchelor,* for defendants.

SMITH, C. J. The complaint alleges that John and Nathaniel Baird, executors of William Baird, to whom they were indebted at the time of his decease, executed their note to G. D. Satterfield, executor of S. M. Dickens, who was a creditor of their testator, in payment of the debt and charged the estate of the said William with the amount thereof. This note was afterwards transferred to the next of kin of said Dickens and purchased from them at a nominal price by the defendant, N. N. Tuck, clerk of the superior court, with the fraudulent intent of collecting the same out of the estate of said William Baird. John Baird died, and the surviving executor, Nathaniel Baird, was removed from office by the said N. N. Tuck, acting as probate judge, and the defendant, C. A. Tuck, appointed public administrator, who became administrator *de bonis non cum testamento annexo* of

---

* Ruffin J., argued this case before his appointment as associate justice.

the testator, William Baird, who collected a fund in the clerk's office belonging to his testator, and allowed and paid to him therefrom the amount due on the aforesaid note executed by the said John and Nathaniel Baird, both of whom have since become insolvent, in exoneration *pro tanto* of their personal liability to the testator, as a just and valid demand against the testator's estate. Subsequently the said C. A. Tuck rendered his final administration account, wherein he credits himself with the sum so paid to the defendant, N. N. Tuck, who, acting as probate judge, confirms the same and allows full commissions to the administrator. The said C. A. Tuck has since ceased to act as such, and the plaintiff has been duly appointed administrator *de bonis non* in his stead, and he charges a fraudulent combination between these two defendants, whereby, acting each in their official capacity, the fund in the clerk's office has been misapplied to a false claim for which the testator's estate was in no manner liable, and a legal sanction sought in the recording and auditing in the office of the probate court. The action is brought on the several bonds of the clerk and that of the administrator, his appointee, and imputes the perversion and misuse of so much of the fund in the clerk's office as was applied in payment of the personal liability of the executors, with consequent loss to the testator's estate, to an act of official misconduct participated in by both. The defendants demur to the complaint for that a cause of action on the bonds of the clerk, founded upon his alleged official delinquency, is improperly joined with a cause of action on the bond of the administrator for his mal-administration, under the provisions of C. C. P., § 126, which causes of action are not such as may be united in one complaint.

The objection is in our opinion well taken, and the demurrer ought to have been sustained. The range of duties imposed upon the clerk is entirely distinct from those of an administrator, and the sureties of the bond of one are only

responsible for the proper discharge of the official duties of their own principal. These officers may become individually responsible for the same wrongful act committed by both, but official delinquencies covered by their respective bonds and reaching the sureties, are essentially separate, and redress against both must be sought in independent actions. The sureties to the bonds of the clerk undertake for the faithful performance of the duties imposed upon him as clerk, while the sureties to the bond of the administrator, in like manner undertake for his proper administration, and as the duties of each are distinct, so are their liabilities.

The cases cited for the plaintiff (*Harris* v. *Harrison*, 78 N. C., 202, and *Alexander* v. *Wolfe*, 83 N. C., 272) do not meet and remove the difficulties presented in this action; while those of the *N. C. Land Co.* v. *Beatty*, 69 N. C., 329, and *Logan* v. *Wallis*, 76 N. C., 416, seem to be decisive against the union of such causes in one complaint, and against separate sureties on bonds to secure different duties.

The objection, however, may not be fatal, for "the judge may, at his discretion, and upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action mentioned in the complaint." C. C. P., § 131.

While therefore we reverse the judgment below overruling the demurrer, we remand the cause in order that the court may exercise its discretion in ordering the severance or disposing of the action; and it is so ordered.

- Error.                    Reversed and Remanded.