JAMES H. MITCHELL, Adm'r d. b. n. of E. J. MITCHELL, v. WILLIAM P. MITCHELL et al.

*Action, Joinder of—Division of—Demurrer—Pleading.*

1. A cause of action against a clerk of the Superior Court for damages resulting from malfeasance in accepting an insufficient bond from

an administrator, cannot be joined with a cause of action against such administrator and his sureties for a *devastavit*, the respective liabilities of the parties having no connection.   *The Code*, §267.

2. The provision of *The Code*, §272, authorizing the Court to direct a division of improperly joined *causes* of action, does not extend to the cases where there is also a misjoinder of *parties* to the action.

(*Brown* v. *Cobb*, 76 N. C., 391; *Logan* v. *Wallis*, Ibid, 416; *Street* v. *Tuck*, 84 N. C., 605; *Burns* v. *Williams*, 88 N. C., 159; *Morris* v. *Gentry*, 89 N. C., 248; cited and approved).

CIVIL ACTION, tried upon complaint and demurrer, at Fall Term, 1885, of BERTIE Superior Court, before *Connor, Judge.*

It was alleged, in substance in the complaint, that E. J. Mitchell died intestate in the county of Bertie, prior to November of 1861, and that Stark B. Smith was appointed administrator of his estate on the 1st day of that month, and took possession of the personal property of his intestate, and afterwards died in August of 1867, before completing the administration of the estate in his hands; that thereafter, Abram Holder was appointed administrator *de bonis non* of said estate, and he also dying before completing the administration, in October, 1881, W. P. Mitchell, the defendant, was appointed administrator *de bonis non*, and before completing administration thereof, he was for cause removed as such administrator, and the plaintiff was appointed administrator *de bonis non* in his stead; that the defendant W. P. Gurley was Clerk of the Superior Court and Judge of the Court of Probate of the county named, from 1869 until January of 1881, and while exercising probate authority he appointed the said W. P. Mitchell such administrator *de bonis non*, as above stated, and took from him a bond in that behalf for only the sum of $2,000, when he well knew that the assets of said estate that ought to pass into the hands of said Mitchell as such administrator were of the value of at least $6,000; that in so taking said bond, he was grossly negligent and guilty of misfeasance in office, &c.

The plaintiff brought this action against the said W. P. Mitchell and the sureties on his bond as administrator, alleging breaches of the conditions thereof, and demanding an account of assets that were or ought to have gone into his hands, &c. ; and also against the defendant Gurley as clerk of said Court, demanding judgment against him for the balance of the amount ascertained to be due from said W. P. Mitchell as administrator aforesaid, above the sum of $2,000, the amount of his bond.

The defendants demurred to the complaint, and assigned as grounds of demurrer : *first,* a misjoinder of parties defendant ; *secondly,* that several distinct causes of action had been misjoined, one being an alleged cause of action against the defendant Mitchell and the sureties of his bond for alleged breaches of the conditions thereof, and another, against the defendant Gurley, as clerk, &c., for accepting an insufficient bond, &c.

The Court below sustained the demurrer, and granted leave to the plaintiff to proceed in this action against Mitchell and his sureties, and against the defendant Gurley in a separate action.

From this judgment the plaintiff appealed to this Court.

*Mr. R. B. Peebles,* for the plaintiff.
_____, for the defendant.

MERRIMON, J., (after stating the facts). We do not doubt that the Court properly sustained the demurrer. It is plainly to be seen that the plaintiff undertook to unite in the same action two separate and distinct causes of action that may not be so united against different parties in no way connected with each other in such respect.

The first cause of action alleged is against the defendant Mitchell and his sureties for the alleged breach of the conditions of his bond as administrator *de bonis non,* in that he,

having been removed as such administrator, failed to surrender to and account with the plaintiff for the assets of his intestate that came and ought to have come into his hands.

The cause of action was in no legal sense connected with the alleged cause of action against the defendant Gurley—the latter was not a surety of the bond sued upon—he had no part of and was not chargeable with the assets of the intestate in any respect or manner.

The second cause of action—that alleged against Gurley—was for gross neglect and malfeasance in office as clerk of the Superior Court, in failing to require the defendant Mitchell to give a bond as administrator *de bonis non* in a sum sufficient in amount.

This was a matter separate and distinct from the alleged breaches of the conditions of the bond given, and had no connection with the cause of action in that respect. The defendant Mitchell and his sureties are not charged with having anything to do, or with being responsible for the neglect and malfeasance in office of the defendant Gurley.

The alleged liabilities of the parties respectively are distinct, and, as causes of action, have no connection with each other, nor are the defendants jointly or in common answerable to the plaintiff in such respects.

Comprehensive as are the provisions of the statute (*The Code*, §267,) allowing several causes of action to be united in the same action, it does not extend to and embrace distinct causes of action against different persons having no substantial connection with each other in respect of such causes of action. It does not provide for the consolidation of all sorts of causes of action in the same action, nor does it allow two or more different persons to be sued in the same action in respect of distinct causes of action where there is no joint or common liability among them.

To allow this, would be practically to allow the consolidation of two or more distinct actions as to parties and the

2

causes of action, into one. Such procedure and practice would not only be impracticable, but it would lead to confusion, and result in injustice to litigants. Different causes of action in favor of and against different parties must be litigated in different actions. *Brown* v. *Coble,* 76 N. C., 391; *Logan* v. *Wallis,* Ibid., 416; *Street* v. *Tuck,* 84 N. C, 605; *Burns* v. *Williams,* 88 N. C., 159.

The Court ought not, however, to have made the order dividing the action into two actions, granting the plaintiff leave to proceed properly in each, because there was a misjoinder of two distinct causes of action, and as well, a misjoinder of parties defendant. The authority to direct and make such division is conferred by statute, and it (*The Code,* §272,) provides that, "If the demurrer be allowed for the reason that several causes of action have been improperly united, the Judge shall, upon such terms as may be just, order the action to be divided into as many actions as may be necessary to the proper determination of the causes of action therein mentioned." The power thus conferred can be exercised only in cases when there is a misjoinder of several causes of action—it does not extend to cases in which there is both a misjoinder of several causes of action and likewise a misjoinder of parties. In the latter case, it would seldom be practicable to divide the action. The statute has not provided that it may be done.

The Court properly sustained the demurrer. It improperly directed a division of the action. It should have dismissed it, unless upon application of the plaintiff it had allowed him, upon just terms, to amend as to parties and the pleadings.

To the end the plaintiff may have opportunity to apply for leave to amend, the case must be remanded, with instructions to modify the judgment as here indicated, unless the plaintiff shall obtain leave and make proper and necessary amendments. *Morris* v. *Gentry,* 89 N. C., 248.

Error.                                        Remanded.