STATE on relation of L. P. CROMARTIE v. C. P. PARKER, Z. G. THOMPSON, W. K. ANDERS and C. W. LYON.

*Quo Warranto—Practice—Misjoinder of Causes of Action— Misjoinder of Parties—Community of Interests—Division of Action.*

1. A complaint setting up separate causes of action against several parties, among whom there is no community of interests, is demurrable on the ground of misjoinder of causes of action and of parties.

2. The complaint in an action in the nature of *quo warranto* against several members of a Board of County Commissioners, alleging that the defendants held their offices by different tenures, from different sources and had forfeited them by different acts, is demurrable on the ground of a misjoinder of distinct causes of action, the action being directed not at the power or authority of the Board to act as

such but at the separate right of each individual defendant to remain a member of the Board.

3. Where there is not only a misjoinder of distinct causes of action but also a misjoinder of parties having no community of interests, the action cannot be divided under Section 272 of *The Code* which permits division only when the causes alone are distinct.

CIVIL ACTION in the nature of *quo warranto*, heard before *McIver, J.*, at Fall Term, 1897, of BLADEN Superior Court, on complaint and demurrer.

The complaint was as follows:

"1.    The plaintiff complains and alleges that he is a resident citizen, property-owner and tax payer of the County of Bladen, and as such has an interest in having the offices of said county lawfully filled.

2.    That he has filed bond and obtained leave of the Attorney-General of the State to bring this proceeding in accordance with the statutory requirements.

3.    That on Tuesday, after the first Monday in November, 1896, at an election duly held in the County of Bladen, State of North Carolina, pursuant to the statute for the election, among other officers, of three County Commissioners for Bladen county for the term of two years from the first Monday in December, 1896, the said defendants, Z. G. Thompson and W. K. Anders, received a majority of the legal votes for the said office of County Commissioners and were duly elected.

4.    That on the 11th day of November, 1896, at Chambers in Carthage, N. C., his Honor, James D. McIver, resident Judge of the Seventh Judicial District of North Carolina, which district includes the county of Bladen, appointed the defendants, C. P. Parker and C. W. Lyon, additional Commissioners for the county of Bladen, pursuant to Section 5, Chapter 135, Laws of 1895, the order of their appointment being duly recorded in order and decree docket of the Superior Court of Bladen county on page 150.

5.  On the first Monday in December, 1896, said defendants, duly qualified as County Commissioners of Bladen county by taking the oath of office and being duly inducted into said office of County Commissioners and are now holding, exercising and performing the duties, powers and functions of said office.

6.  That on the first Monday in June, 1897, being the seventh day thereof, the defendants, Z. G. Thompson, C. W. Lyon and one John Fred Croom proceeded to elect and did elect themselves members of the Board of Education for the county of Bladen.

7.  That on the first Monday in July, 1897, being the fifth day thereof, the said John Fred Croom having refused to qualify, the said defendants proceeded to elect and did elect the defendant, W. K. Anders, a member of the Board of Education for the county of Bladen.

8.  That on the first Monday in July, 1897, being the fifth day thereof, the defendants, Z. G. Thompson, C. W. Lyon and W. K. Anders duly qualified as members of the Board of Education of Bladen county by taking the oath of office and assuming the duties, powers and functions thereof and are now holding, exercising and performing the duties, powers and functions thereof.

9.  That since the said fifth day of July, 1897, the said defendants, Z. G. Thompson, C. W. Lyon and W. K. Anders have continued to hold two offices or places of trust or profit under the State of North Carolina and to exercise and perform the duties, functions and powers thereof contrary to Section 7 of Article 14 of the Constitution of North Carolina.

10.  That said Section 5 of Chapter 135 of the Acts of the General Assembly of 1895 was repealed by Section 1 of Chapter 366 of the Acts of the General Assembly of 1897, thereby abolishing the office of additional Commissioners for the counties which had applied for and obtained the appointment of the same.

CROMARTIE *v* PARKER.

11.   That the said C. P. Parker continues to hold the said office of County Commissioner and exercise and perform the powers, duties and functions thereof, although said office was abolished by Section 1 of Chapter 366 of the Acts of the General Assembly of 1897.

12.   That said defendants now unlawfully hold and exercise the functions, duties and powers of said office of County Commissioners which were vacated and abolished by the repeal of Section 5 of Chapter 135 of the Acts of the General Assembly of 1895 and which was vacated and forfeited by said defendants, Thompson, Lyon and Anders when they accepted and duly qualified and were inducted into the second office, that of member of the Board of Education for Bladen county in contravention of Section 7 of Article 14 of the Constitution of this State, that no person who holds any office or place of trust or profit under this State shall hold or exercise any other office of trust or profit under the authority of this State.

13.   That said defendants have been requested to vacate said office of County Commissioners, but they declined to do so and persist in unlawfully holding and exercising the duties, powers and functions thereof.

14.   That said proceeding is brought in the interest of the people of the State to prevent the unlawful holding and exercising the duties, functions and powers of said office of County Commissioner by said defendants contrary to the Constitution of the State of North Carolina.

15.   That the offices of County Commissioner and member of the Board of Education are both offices of trust and profit under the State of North Carolina, created and held under the Acts of the General · Assembly of this State. Wherefore the plaintiff prays judgment; that the defendants are not entitled to hold the office of County Commissioner, and that they be ousted and removed therefrom; for the cost

121—26

CROMARTIE v. PARKER.

of this action; for such other and further relief as may be just and proper."

The demurrer was as follows:

"1.    That the complaint does not state facts sufficient to constitute a cause of action; in that, according to the facts as stated, the defendants are rightfully holding the offices of County Commissioners of Bladen county, and properly exercising the duties thereof.

2.    That there is an improper joinder of actions, as each of the defendants holds an office as a member of the Board of Commissioners, independent and separate from the office of other members of said Board, and an action cannot be brought against several persons to try the right to different offices.

3.    That it appears from the complaint that the defendants, C. W. Lyon, W. K. Anders and Z. T. Thompson accepted the places of members of the Board of Education of Bladen county after they had been duly elected and qualified as members of the Board of Commissioners of said county, and while they were holding said offices.

4.    That the office of Board of Education is not an office in contemplation of Article 14, Section 7, of the Constitution of North Carolina, but is one of the offices designated in the proviso to said Section, viz: a Commissioner for special purposes.

5.    That it appears from the complaint, and the Article of the Constitution therein cited, that if the office of Board of Education is incompatible with the office of County Commissioner, the office of County Commissioner is not forfeited by accepting the office of Board of Education, but that holding the office of County Commissioner they could not accept or hold any other office."

The demurrer was sustained and plaintiff appealed.

CROMARTIE *v.* PARKER.

*Messrs. R. S. White* and *N. A. Sinclair*, for plaintiff (appellant).

*Mr. C. C. Lyon*, for defendant.

DOUGLAS, J.: This is an action in the nature of *quo warranto* against the defendants to oust them from their offices as County Commissioners of the county of Bladen. The complaint alleged that the defendants, Thompson and Anders, had been duly elected as such Commissioners, but had forfeited said offices by their acceptance of the office of members of the Board of Education; that the defendants, Parker and Lyon, were appointed additional Commissioners under the provisions of Section 5, Chapter 135 of the Laws of 1895, and lost all right to said offices by the repeal of said Section by Chapter 366 of the Laws of 1897; and that the defendant Lyon, in addition to having lost said office of Commissioner by the repeal of said Section, forfeited it by accepting the office of member of the Board of Education. It is alleged that the defendants not only accepted membership on the latter Board, but elected themselves thereto by their votes as County Commissioners.

It will thus be seen that the defendants held the offices from which they are sought to be ousted by different tenures and from different sources, were elected and appointed thereto at different times and forfeited their offices, if they are forfeited, by *different* acts.

The acceptance of another office by one Commissioner could not affect the tenure of any other Commissioner. The defendants demurred, among other grounds, for "That there is an improper joinder of actions, as each of the defendants holds an office as a member of the Board of Commissioners, independent and separate from the office of other members of said Board, and an action cannot be brought against several persons to try the right to different offices." The demurrer was properly sustained. Section 267 of *The Code*

specifies what causes of action may be joined, and expressly states that "the causes of action so united must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action." *Land Co.* v. *Beatty,* 69 N. C., 329; *Logan* v. *Wallis,* 76 N. C., 416; *Street* v. *Tuck,* 84 N. C., 605; *Doughty* v. *Railroad,* 78 N. C., 22; *Hodges* v. *Railroad,* 105 N. C., 170.

The action at bar comes within none of the enabling clauses of that Section. There is no community of interests between the defendants. The acceptance of another office by one would in no way affect the right of any of the others, as no two are claiming the same office. The action does not go to the power or authority of the Board to act in any way as a Board, but to the separate right of each individual defendant to remain a member of that Board. The right of the defendant Parker cannot depend upon the acceptance of additional offices by the three other defendants, as he has accepted no such office; while the fact that he obtained his appointment from the Judge had nothing whatever to do with the tenure of those elected by the people.

As in this case there is not only a misjoinder of distinct causes of action, but also a misjoinder of parties having no community of interests, the action cannot be divided under Section 272 of *The Code,* which permits division only where the causes alone are distinct. *Mitchell* v. *Mitchell,* 96 N. C., 14. As this action cannot be maintained as now constituted, and cannot be divided, we do not see how the plaintiff could be benefitted by leave to amend, even if granted. The judgment below is affirmed.

Affirmed.