BROWN v. MORISEY.

(Filed April 16, 1901.)

DOWER—*Color of Title—Possession—Ejectment.*

> Dower interest is not shown by a widow proving only a deed to her husband, without proving title in the grantor or possession for seven years under the deed.

ACTION by Dicey A. Brown against D. G. Morisey, heard by Judge *Frederick Moore* and a jury, at December Term, 1900, of DUPLIN County Superior Court.    From a judgment for the defendant, the plaintiff appealed.

*Stevens, Beasley & Weeks,* for the plaintiff.
*H. E. Faison,* and *Allen & Dortch,* for the defendant.

FURCHES, J.    This is an action for dower in the lands described in the complaint, the defendant being in possession claiming said land as his own and denying plaintiff's right to dower.

The plaintiff is the widow of George Brown, who, she

alleges, was the owner of said land at the time of his death, which occurred during the late war betwen the States. To establish her right to dower, it was necessary for her to establish title in her husband at the time of his death. This she undertook to do by showing a deed from one Absalom Best to her husband, dated September 4, 1854, and registered in 1855, and that she and her husband entered upon said land, under this deed, and lived upon the same for one year—when they left the land in 1855, and have never lived upon or occupied any part thereof since that time.

While on the other hand the defendant introduced in evidence a deed from the Sheriff of Duplin County, dated in 1855 and registered in 1856, under which he took possession in 1856, and has had continuous possession of said land ever since that time. The execution under which the Sheriff sold and defendant bought was against one Robert Best, and, it is alleged by the plaintiff, conveyed no title to the defendant. This may be so, still it was color of title which ripened into an absolute title in seven years, unless there was some disability or special reason to rebut the presumption.

But the plaintiff's right to recover does not depend upon the weakness of the defendant's title, but upon the strength of her own title, as it now clearly appears that the defendant does not claim under George Brown, husband of plaintiff. To do this, as we have said, she must show title in her husband, and this she has not done. It does not appear that Absalom Best had any title to the land; and, this being so, his deed to George Brown, husband of plaintiff, was but color of title, which might have been ripened into title by a continuous occupation thereunder for seven years. But this was not done, as the grantee only occupied it for one year, and therefore never became the owner thereof; while the defendant's color was ripened into a title by his holding possession thereunder for more than seven years. The lapse of time does

not aid color of title without possession thereunder.   Without possession, it is no better at the end of fifty years than it was when it was made.   *Hunnycutt v. Brooks,* 116 N. C., 788.

This case has been here before, upon a judgment of nonsuit and was affirmed.   (See 124 N. C., 292.)   But this opinion was reversed on petition to rehear (126 N. C., 772), and in delivering the last opinion the Court said the plaintiff was entitled to dower.   This was an inadvertence, caused by not recurring to the status of the case on appeal; and the Court below was correct in not signing the judgment presented, giving the plaintiff dower.

Affirmed.