MORTON v. WESTERN UNION TELEGRAPH COMPANY.

(Filed May 13, 1902.)

1. ABATEMENT—*Revival—Actions—Personal Injuries—Mental Anguish—Telegraphs—The Code, Sec. 1491, Subsec. 2.*

   Under The Code, Sec. 1491, an action against a telegraph company to recover damages for mental anguish caused by failure to deliver a telegram, abates upon the death of the person injured.

2. ACTIONS—*Misjoinder—Parties—Personal Injuries—Mental Anguish—Telegraphs—The Code, Sec. 267.*

   Under The Code, Sec. 267, an action against a telegraph company for damages for mental anguish, for failure to deliver a telegram, brought by a husband and wife individually and the wife as administratrix of her mother, is a misjoinder of causes of action and of parties.

3. PARTIES—*Actions—Misjoinder—The Code, Sec. 272.*

   Under The Code, Sec. 272, the trial judge is not authorized to divide misjoined causes of actions when there is also a misjoinder of parties.

ACTION by Eliza T. Morton, administrator of Josephine Pelletier, C. C. Morton and wife Eliza P. Morton, against the Western Union Telegraph Company, heard by Judge *O. H. Allen*, at October Term, 1901, of the Superior Court of ONSLOW County.

The plaintiff administratrix is a daughter of the deceased, and the wife of her co-plaintiff. The deceased, Josephine Pelletier, was, at the time the telegram was sent, residing with the plaintiffs in the town of Jacksonville, N. C., and was very ill with pneumonia. Among other allegations, the complaint contains the following:

"6. That on the 21st day of February, 1901, the defendant transmitted to the plaintiff C. C. Morton, at Jacksonville, N. C., the following message: 'Wire me Aunt Joe's condition. Shall I send physician? P. H. Pelletier.'

"10. That upon the advice and request of her attending physician that Dr. Primrose, of New Bern, be called into consultation, the plaintiff C. C. Morton, upon behalf of himself and wife and her mother, delivered to defendant's agent at Jacksonville a dispatch for P. H. Pelletier.

"11. That the said message was delivered to the agent at Jacksonville, N. C., upon the opening of the office at that place on the morning of February 22, 1901, as follows: 'Feb. 22, 1901—To P. H. Pelletier, New Bern, N. C., Send Primrose this morning. Condition critical. C. C. Morton.' And the charges for delivery of same were prepaid and received by defendant.

"13. That the defendant negligently failed to perform this duty and failed to deliver the said message to P. H. Pelletier promptly.

"14. That by reason of the failure to deliver the said message promptly, the same did not reach the said P. H. Pelletier until after the departure of the train from New Bern for Jacksonville, and there was not another train for twenty-four hours, whereby the plaintiff's intestate was deprived of the benefits of the professional services of Dr. Primrose.

"15. That the said Josephine Pelletier was greatly disappointed and shocked at the failure of the arrival of Dr. Primrose, and began to sink, and died before the arrival of the next train from New Bern.

"16. That by defendant's failure to deliver the said message as per contract, and its negligence and breach of duty as aforesaid, the said Josephine Pelletier and the plaintiffs of this action were greatly damaged by reason of her failure to have the desired and necessary medical attendance, and the consequent disappointment, loss and suffering, in a great sum to them and to each of them, to-wit, one thousand nine hundred and ninety and nine dollars, wherefore plaintiffs pray for judgment for damages $1,999 and the costs of this action."

"The defendant, the Western Union Telegraph Company, demurs to the complaint, for matter appearing on the face thereof, on the following grounds:

"I. That several causes of action have been improperly united in said complaint, to-wit, A cause of action in favor of Eliza P. Morton, administratrix of Josephine Pelletier, for mental and physical suffering on the part of the said Josephine Pelletier, deceased, and a cause of action in favor of Eliza P. Morton individually, and a cause of action in favor of C. C, Morton for mental anguish suffered by him.

"II. That the complaint does not state a couse of action in favor of Eliza P. Morton, administratrix of Josephine Pelletier, deceased, as said cause of action, if any, arose in favor of said decedent in her lifetime and did not survive to her administratrix.

"III. In that there is nothing to show that the message was sent for the benefit of either Eliza P. Morton or C. C. Morton, but that it does appear it was not sent for her benefit or his, but for the benefit of Josephine Pelletier.

"IV. That it does not appear, nor is it alleged, either from the terms of the message, or otherwise, that a failure to deliver must reasonably cause mental anguish to Eliza P. Morton.

"V. That it does not appear from the message, nor is it alleged, that the company had notice that C. C. Morton would suffer mental anguish for a failure to deliver the message."

The Court below sustained the second ground of demurrer and overruled the others.  Both sides appealed.

*W. D. McIver,* and *Duffy & Koonce,* for the plaintiffs.
*Bellamy & Peschau,* for the defendant.

Douglas, J., after stating the facts.  We will consider both appeals together, as the questions are so intimately connected.

We think the second ground of demurrer was properly sustained. Section 1491 of The Code provides that: "The following rights in action do not survive: 2. Causes of action for false imprisonment, assault and battery, or other injury to the person, where such injury does not cause the death of the injured party." *Harper v. Commissioners,* 123 N. C., 118. Viewed as an actionable injury, mental anguish must be taken to be an injury to the person within the meaning of the statute. It is certainly not an injury to property, and in the state of union which we call life, we are not aware of any way by which the mind or soul can be reached except through the physical organs. These organs alone convey to the mind the concrete impressions upon which it acts, and without which it would be incapable of intelligent thought. Certain bodily diseases produce insanity, while any sudden shock to the mind reacts upon the body, sometimes even to a fatal extent.

In law, the word "person" does not simply mean the physical body, for if it did it would apply equally to a corpse. It means a living person composed of body and soul. Therefore any mental injury is necessarily an injury to the person. Personal injuries may be either bodily or mental, but whether one or the other, they infringe upon the rights of the person and not of property. A learned author has said that "the mind is no less a part of the person than the body, and the sufferings of the former are sometimes more acute and lasting than those of the latter. Indeed, the sufferings of each frequently, if not usually, act reciprocally upon the other." 3 Suth. Dam., 260; *Young v. Tel. Co.,* 107 N. C., 370, 9 L. R. A., 669, 22 Am. St. Rep., 883.

This disposes of the plaintiff's appeal, and to that extent the judgment must be affirmed.

Upon the defendant's appeal, we are of opinion that the first ground of demurrer should also have been sustained. In

this case there are three different plaintiffs, each apparently suing in a separate right, the legal entity of the administratrix being entirely distinct from that of the individual, whether suing as distributee or for her own mental anguish. If the plaintiffs are suing jointly for the same cause of action, that is, the mental anguish suffered by Mrs. Josephine Pelletier, they can not recover, as the cause of action does not survive. If they are suing severally for the mental anguish suffered by themselves respectively, then there is a misjoinder of parties as well as of causes of action. Code, Secs. 239 and 267; *Cromartie v. Parker,* 121 N. C., 198, and cases therein cited.

We are not prepared to say that one person can recover for mental anguish suffered by another; and therefore the husband and wife, suing severally for their own anguish, are different parties suing upon distinct causes of action. As was said in *Cromartie v. Parker, supra:* "As in this case there is not only a misjoinder of distinct causes of action, but also a misjoinder of parties having no community of interests, the action can not be divided under Section 272 of The Code, which permits division only where the causes alone are distinct."

The demurrer should therefore have been sustained and the action dismissed. This disposes of the case and renders unnecessary any discussion of the other grounds of demurrer, as it is probable that the complaint would be essentially different if a new action were brought.

The judgment of the Court below is affirmed as to the plaintiffs' appeal, and reversed as to the defendant's appeal.