PRITCHARD v. MITCHELL.

(Filed September 12, 1905).

*Nonsuit—Misjoinder of Parties—Assignments for Benefit of Creditors—Sureties.*

1. Where the complaint did not set out any cause of action in favor of one of the plaintiffs, the court properly allowed such plaintiff to submit to a nonsuit, it being simply a case of misjoinder of parties plaintiff which may be corrected by taxing him with such costs as are incurred by the misjoinder.

2. Laws of 1893, chapter 453, section 1, which enacts: "That upon the execution of any voluntary deed of trust, or deed of assignment for the benefit of creditors, all debts of the maker thereof shall become due and payable at once," applies to the sureties upon a note of the assignor.

ACTION by William Pritchard and others against G. H. Mitchell and others, heard by *Judge E. B. Jones,* upon demurrers, at the Spring Term, 1905, of the Superior Court of BERTIE County.

This action was instituted July 5, 1904, by Wm. Pritchard and C. W. Mitchell for the recovery by said Pritchard of the amount of a note executed by the defendants, Carter, Matthews & Co., J. H. Matthews, deceased, and Geo. H. Mitchell to C. W. Mitchell. The complaint set out the note by which it appears that J. H. Matthews and Geo. H. Mitchell were sureties; that the note was due and payable

January 1, 1906, and was for value assigned to the plaintiff, William Pritchard. The defendants, Carter, Matthews & Co., the principal debtors, became insolvent, and prior to the institution of the suit made a general assignment for the benefit of their creditors. On June 10, 1904, the defendant, Geo. H. Mitchell, one of the sureties on said note, served notice on the plaintiffs, Pritchard and C. W. Mitchell, to bring suit on said note; that before bringing suit, the plaintiff, Pritchard, offered to assign said note to the surety, which offer was declined. The plaintiff, Pritchard, demanded judgment for the amount of the note. The defendants, Geo. H. Mitchell and Mrs. Maggie Matthews, administratrix of J. H. Matthews, demurred, assigning as grounds therefor, first, misjoinder of parties plaintiff and causes of action; second, that as to the sureties the note was not due and payable. The other defendants demurred for the misjoinder. Before the hearing of the cause was begun, C. W. Mitchell was, upon his own motion, permitted to submit to a judgment of nonsuit, and the defendants excepted.

The cause was thereupon heard upon complaint and demurrer. The court below overruled the demurrer and proposed to render judgment giving the defendants time to file answers, which they declined, stating that they would stand by their demurrer. Judgment was thereupon rendered, and the defendants excepted and appealed.

*Francis D. Winston* for the plaintiffs.
*Winborne & Lawrence* for the defendants.

CONNOR, J., after stating the facts: His Honor properly allowed the plaintiff, C. W. Mitchell, to submit to a nonsuit. The complaint did not set out any cause of action in which he was interested or entitling him to any relief; nor did he ask for any judgment. It seemed to be assumed that he endorsed the note. It does so appear from the complaint, the

allegation being that he assigned it. This, however, is not material, as in no aspect was he entitled to any relief. It is simply a case of misjoinder of parties plaintiff, and upon demurrer or motion may be corrected by taxing the plaintiff with such costs as are incurred by the misjoinder. Clark's Code, section 239, sub-section 4 and cases cited. The complaint stated no cause of action in favor of C. W. Mtchell; therefore it was only necessary to move the court for judgment against him for costs. This result was anticipated by him and he was permitted to take a nonsuit. There was no cause of action to be *nol prossed.* His retirement from the record did not necessitate any change in the complaint. The case is in this respect distinguished from *Mitchell v. Mitchell,* 96 N. C., 14, and *Cromartie v. Parker,* 121 N. C., 199. It is like *Green v. Green,* 69 N. C., 294, in which *Pearson, C. J.,* says: "As to the unnecessary parties plaintiff it is their own concern to be made liable for costs."

The serious question presented by the demurrer is whether the Law of 1893, chapter 453, section 1, which enacts: "That upon the execution of any voluntary deed of trust or deed of assignment for the benefit of creditors, all debts of the maker thereof shall become due and payable at once," applies to the sureties upon a note of the assignor. It is an elementary principle that every contract is made with reference to the existing law; hence the principal debtor at the time he executed the note promising to pay the sum named on January 1, 1906, made it a part of his contract that if he made an assignment for the benefit of his creditors, the debt would become due and payable at once. It is equally well settled that the contract of suretyship is measured by, and is coextensive with the liability of the principal. The law as held by this court is stated by *Ruffin, C. J.,* in *Shaw v. McFarlane,* 23 N. C., 216: "If two persons are bound by a bond or a judgment for the payment of a sum of money, the one is liable to the creditor in the same manner and to the same ex-

tent as the other, although as between themselves, they stand as principal and surety. In respect to the creditor, they are joint debtors, fixed with the same obligation." In this respect the contract of the surety is distinguished from that of a guarantor. 27 Am. & Eng. Enc., (2nd Ed.), 432; 1 Brandt on Suretyship, 2. It would seem therefore that, when by the terms of the contract interpreted in the light of the statute, the principal is bound in the event of his making an assignment, to pay at once or accelerate the maturity of the debt, the surety is bound in like manner. This does not involve any change in the contract, but incorporates the provision of the statute into it.

We have examined the cases cited by the defendant's counsel, and we do not think they conflict with the conclusion which we have reached. The judgment must be

Affirmed.