JAMES M. AYERS ET ALS. v. ISRAEL H. BAILEY ET ALS.

(Filed 7 May, 1913.)

1. **Demurrer—Misjoinder—Multiplicity of Actions—Interpretation of Statutes.**

    Where it is alleged that the officers and chief stockholders of a bank, in order to merge with another bank, procured the indorsement of the papers in bank by the plaintiffs upon the agreement that the defendants would also indorse them, all assuming a pro rata liability therein, and that the defendants delivered these papers, many of which were worthless, to the other bank for the purpose of merger, but without having indorsed them as agreed; that the plaintiffs have been forced by judgment to pay off some of these indorsed papers in a large amount: it is *Held* that a demurrer for misjoinder of parties and causes of action is bad; for the subject-matter of the action and the parties being the same, a multiplicity of suits was prevented. Revisal, sec. 469 (2).

2. **Demurrer—Misjoinder—Same Subject-matter and Parties—Torts —Equity.**

    Where the stockholders of a corporation sue its officers for damages for their mismanagement and negligence in accepting worthless paper, and inducing the plaintiffs to become indorsee thereon to their loss and damage, and in failing to indorse these

162—14

papers themselves under an agreement to do so, the causes of action are properly joined, one sounding in tort and the other being to enforce an equitable right arising out of transactions connected with the same subject-matter.

3. **Demurrer — Cause of Action — Misjoinder — Motion to Divide—Procedure.**

A demurrer for misjoinder of causes of action in a complaint is bad, the procedure being by motion to divide them.

4. **Demurrer—Good Faith—Answer Over—Procedure—Interpretation of Statutes.**

Where a demurrer to a complaint is interposed in good faith, and overruled, the defendant is entitled to answer over. Revisal, sec. 506.

APPEAL by plaintiffs from *Cline, J.,* at November Term, 1912, of MITCHELL.

*Black & Wilson, Hudgins & Watson for plaintiffs.*
*W. B. Councill and A. H. Yount for defendants.*

CLARK, C. J. The complaint alleges that the defendants were the officers of the Bank of Mitchell, and as such negotiated the merger of said bank with the Mitchell County Bank, and that as a part of the contract of merger and as a consideration and inducement thereto, they contracted with the latter bank that the defendants and plaintiffs, who were all stockholders in said Bank of Mitchell, should guarantee all notes, bonds, and instruments which were transferred by it to said Mitchell County Bank. That the plaintiffs, at the special request of the defendants, as stockholders entered into written agreement, together with one J. B. Boone, to guarantee all such paper and to be liable pro rata among themselves according to the number or value of the shares of stock held by them in the Bank of Mitchell. That the defendants, owning the greater amount of stock in said Bank of Mitchell, procured these plaintiffs to sign said agreement, upon an agreement with these plaintiffs that these defendants would join in said agreement and would be responsible pro rata according to the stock held by each of them, and would sign said agreement; but that, after obtaining the signatures of these plaintiffs to said agreement,

as above alleged, they failed and refused to sign the same, and fraudulently delivered them to said Mitchell County Bank without their signatures. It is further alleged that these defendants, being the officers and chief stockholders in the Bank of Mitchell, and in sole control of the same, took for their own advantage, or by negligence in the discharge of their duties, paper which was not sufficiently secured, and, knowing that fact, transferred and assigned said uncollectible paper to the Mitchell County Bank, which has obtained judgment against these plaintiffs by reason of inability to collect said paper, in the sum of $6,393.58, which these plaintiffs have paid off pro rata (except W. L. Young, who has not yet paid), and this action is brought to recover of these defendants, on above grounds, the sums due the plaintiffs by the defendants.

The defendants demur because of alleged misjoinder of parties and misjoinder of causes of action. This contention, if sustained, would logically require that the plaintiffs, eight in number, should each bring his action against each of the three defendants, making twenty-four actions. This view was ably presented, but we cannot assent thereto. It is contrary to the entire spirit of our modern procedure (Revisal, 469), which forbids multiplicity of actions, and, besides, it would be almost impossible to adjust the rights of the parties unless they were all before the court in one action. In *Pretzfelder v. Insurance Co.,* 116 N. C., 491, there were several insurance policies in different companies, the policies having been taken out at different times, but each containing a provision that the loss should be prorated according to the amount in the several policies. This Court held: "It is not only no misjoinder, but essentially proper, that all the companies should be made parties defendant. If each company should be sued separately, not only would the same propositions of law arise, and the same evidence be gone over, in five different actions at the expense of five times the amount of court costs and much needless consumption of the time of the court, but as the trial would be before five different juries, the loss might be assessed at five different amounts.".

This case is stronger, for here there is only one contract or agreement, or at any rate only one transaction that is to be investigated. Besides, in this case there are eight plaintiffs and three defendants, making a total of twenty-four trials of one subject-matter, which ought to be disposed of in one trial and with all the parties in interest, on both sides, represented. The principle laid down in *Pretzfelder v. Insurance Co.* has often been affirmed, among other cases, in *Cook v. Smith,* 119 N. C., 355; *Daniels v. Fowler,* 120 N. C., 17; *Weeks v. Mc-Phail,* 128 N. C., 138; *Fisher v. Trust Co.,* 138 N. C., 242. Another case very much in point is *Smith v. Patton,* 131 N. C., 396, and there are very many others.

In *Morton v. Telegraph Co.,* 130 N. C., 299, relied upon by the defendants, there were three different plaintiffs, each suing in a separate right and upon a different cause of action. In *Cromartie v. Parker,* 121 N. C., 204, also relied upon by the defendants, the complaint set up separate causes of action against several parties, among whom there was no community of interests. But here the basis of action is an alleged agreement between the plaintiffs and defendants for a pro rata liability in guaranteeing certain paper of the bank, which was duly assigned, and apparently a further cause of action against these defendants for mismanagement and negligence as officers of the bank in accepting said worthless paper. *Solomon v. Bates,* 118 N. C., 320; *Caldwell v. Bates, ib.,* 325. These causes of action could be properly joined: *Benton v. Collins,* 118 N. C., 196, which holds that a cause of action in tort can be joined with one to enforce an equitable right where both arise out of transactions connected with the same subject-matter, which is here liability for the worthless papers taken by the defendants and guaranteed by the plaintiffs, it is alleged, at the request of the defendants under the agreement set out. See, also, *Daniels v. Fowler,* 120 N. C., 17.

There was not only no misjoinder, but they are all necessary parties.

If there had been a misjoinder of causes of action, the action should have been divided, and not dismissed. *Weeks v. Mc-Phail,* 128 N. C., 138; Revisal, 476.

*In re* SWAIM'S WILL.

The demurrer should have been overruled. Should the court find that the demurrer was interposed in good faith, as it doubtless was, the defendants are entitled to answer over. Revisal, 506.

Reversed.