J. S. CAMPBELL ET AL. v. WASHINGTON LIGHT AND POWER COMPANY.

(Filed 16 September, 1914.)

1. Actions—Misjoinder—Causes and Parties—Dismissal of Action.

An action brought by a father, in his own behalf and in that of his son, a minor, as next friend, alleging damages to them both for a personal injury to the latter, is a misjoinder of parties as well as causes of action, not capable of division, and may be dismissed.

2. Actions—Misjoinder—Withdrawal of Party—Costs—Amendments —Court's Discretion.

Where there has been a misjoinder of parties as well as causes of action, it is within the discretion. of the trial judge at any time before verdict or adverse decision to permit the withdrawal of one of the parties, leaving the action to proceed singly as to the other, and to allow a proper amendment of the pleadings as to the remaining cause, where the defendant has asked for no affirmative relief and his defense cannot be prejudiced (Revisal, sec. 507) ; but the defendant is entitled to recover his cost against the party retiring from the case.

APPEAL by defendant from *Ferguson, J.,* at March Term, 1914, of PASQUOTANK.

This action was brought by the plaintiff J. S. Campbell, in behalf of himself and, as next friend, in behalf of his son, James

CAMPBELL *v.* POWER CO.

Campbell, a minor, to recover damages for supplying impure water to the said minor, whereby he became ill with typhoid fever, causing him great physical and mental suffering, and whereby the other plaintiff, his father, was put to great expense in taking care of him and effecting his cure, lost the benefit of his services, and suffered great mental anguish on account of his sickness.

Defendant demurred upon the ground of a misjoinder of parties and causes of action.

At the hearing upon the demurrer, the court, at the request of plaintiffs, permitted J. S. Campbell, suing in his individual capacity, to withdraw, as a party, from the action, and ordered the case to proceed as to the other plaintiff, James Campbell, by his next friend, J. S. Campbell, with leave to replead if he desired to do so.

Defendant excepted and appealed.

*Daniel & Warren and Manning & Kitchin for plaintiffs.*
*Small, McLean, Bragaw & Rodman for defendant.*

WALKER, J., after stating the case:  The defendant contends that there was a misjoinder of parties and causes of action, and in support of its contention relies on the following authorities: *Cooper v. Express Co.,* 165 N. C., 538; *Mitchell v. Mitchell,* 96 N. C., 14; *Cromartie v. Parker,* 121 N. C., 198; *Morton v. Telegraph Co.,* 130 N. C., 299; *Thigpen v. Cotton Mills,* 151 N. C., 97.

It may be conceded that there was a misjoinder of parties and causes of action, and *Thigpen v. Cotton Mills, supra,* seems to be "on all-fours" with this case in that respect; but this concession does not justify the conclusion that the court erred in permitting the withdrawal of the father, as a party, and allowing the action to proceed further in the name of the son alone as plaintiff.  It would not have been proper to divide the action into two—one in the name of the father and the other in the name of the son, for a division is authorized only where "the causes of action alone are distinct," as said by the *Chief Justice* in *Cooper v. Express Co., supra,* where the facts were similar.

But this is not a division of the action, allowing each to proceed by separate action in his own name, but a retirement by one plaintiff, leaving the action to be prosecuted in the name of the other as his action, with proper amendment of the pleadings for that purpose.

It is provided in Revisal, sec. 507, that "the judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding by adding or *striking out* the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case." It was held in *Jarrett v. Gibbs,* 107 N. C., 303, construing the corresponding section in The Code (sec. 273), that "the motion of the plaintiff, Fannie E. Murphy, to be allowed to withdraw and to amend the process and pleadings by striking out her name was within the power and rested within the discretion of the court." This left the other party, Jarrett, as the sole plaintiff, with the cause of action belonging to him, the other party and his cause of action having been eliminated by the permission of the court. That is our case. This Court also ruled in that case that the amendment could have been ordered, in the discretion of the judge below, even if its legal effect had been to substitute one plaintiff for another, citing, for this proposition, *Reynolds v. Smathers,* 87 N. C., 24, which held that an amendment allowing a change of plaintiffs is allowable.

Defendant could not be hurt by the amendment, as it asked for no affirmative relief, but is entitled to its costs. *Gatewood v. Leak,* 99 N. C., 363; *Tate v. Phillips,* 77 N. C., 126; *Pritchard v. Mitchell,* 139 N. C., 54; *McKesson v. Mendenhall,* 64 N. C., 502.

Plaintiff J. S. Campbell could withdraw or submit to a nonsuit at any time before verdict or decision adverse to him. *Gatewood v. Leak,* 99 N. C., 363. The party retiring is not, in a strict sense, said to take a nonsuit, "but is allowed to withdraw or depart, with costs against him," as said in *Gatewood v. Leak, supra,* and in *Lafoon v. Shearin,* 95 N. C., 391; *Bynum v. Powe,* 97. N. C., 374.

Where there is an improper joinder of causes of action, and defendant's demurrer thereto is allowed, there may be a severance of the causes, or a division into as many actions as may be found necessary for the proper determination of the causes of action so misjoined (Revisal, sec. 476), but not so where there is a misjoinder of parties and causes of action. In that case a demurrer on that account should be sustained, unless, as in this case, one of the parties withdraws himself with his cause of action, leaving only one plaintiff, with a single cause, or with several that may be properly joined in one action. In the latter case, the reason for refusing a division where there is a misjoinder of parties and causes does not apply. It is not, in fact or in law, a division of the parties and causes, but an elimination, which reduces the unwarranted number to one only, or leaves the process and pleading in unobjectionable form.

The view we have taken of this question appears to be sanctioned by the Court in *Tripp v. City of Yankton,* 11 S. D., 353. A demurrer was there entered for misjoinder of causes of action. With reference to a request by plaintiff to withdraw one of the causes, the Court said: "If the request is to be understood as eliminating the third cause of action from this proceeding entirely, which the Court understands to be the effect, it will be allowed. In the absence of a counterclaim or showing that a discontinuance would materially prejudice respondent, appellant had a right to dismiss, either before or after issue was joined, one or all of his causes of action; and a denial of such application would constitute an abuse of discretion." See also 1 Enc. of Pl. and Pr., pp. 543 and 544 and notes.

However the rule may have been under the ancient system of pleading and procedure, the liberal practice introduced and authorized by our present Code, which disregards technicalities and seeks to try and settle controversies upon their merits, sustains the decision of the court in this case. Revisal, sec. 507.

We have not considered the validity of the plaintiff's cause of action, preferring to wait until the new complaint is filed and the matter is brought before the Court upon that pleading, which may entirely supersede the old one.

No error.