WILLIAM LATHAM *v.* HENRY H ROLLINS.

An action by a sheriff against one of his deputies, for failing to take bail upon a *capias ad respondendum,* whereby the sheriff had to pay $175, as special bail, is founded upon an implied contract, of which the Superior Court had no jurisdiction, the amount demanded being under $200.

(*Winslow* v. *Weith,* 66 N. C. Rep. .432; *Frœlick* v. *The Southern Express Co.,* 67 N. C. Rep. 1, cited and approved.)

This was a CIVIL ACTION by a sheriff against his deputy for a misfeazence in office, tried at the Spring Term, 1874, of the Superior Court of ASHE county, before his Honor, *Mitchell, J.*

The substantial facts are fully set out in the opinion of Justice BYNUM.

On the trial below, the plaintiff had judgment, from which defendant appealed.

*Folk & Armfield*, for appellant.

No counsel *contra* in this Court.

BYNUM, J. A writ of *capias ad respondendum* was issued from the Superior Court of Ashe against one Oliver, and placed by the sheriff in the hands of the defendant, his deputy, to execute and return. The defendant served the process but failed to take bail, and Oliver fled the country. The plaintiff in the action proceeded to judgment and execution against Oliver, and on the return of the execution, " nothing to be found," brought his action against the sheriff as special bail, and recovered judgment for $176, the amount of the judgment, interest and cost recovered against Oliver. Having paid the judgment the plaintiff, the sheriff, brought this action against the defendant, his said deputy, to recover the said sum. Has the Superior Court jurisdiction? The action is not in *tort*, but on the implied contract of the deputy, arising out of his office, to repay to his principal any sum that he might have to pay by reason of the default of the deputy. In this case the relief prayed is to recover the sum of $176, the amount which had been recovered of the plaintiff as special bail. There are two decisions of this Court in point, and decisive of this case. *Winslow* v. *Weith*, 66 N. C., 432, was where an action was brought in the Superior Court to recover $152, illegal excess of taxes paid by the plaintiff to the sheriff under protest. A demurrer to the jurisdiction was sustained. *Frœlick* v. *Southern Express Company*, 67 N. C. 1, was where the plaintiff alleged that he had delivered to the Express Company an article valued at less than $200, and averred its loss by negligence and demanded judgment for a sum over $200, by way damages. The Court then held that the action was on contract, and that the Superior Court had no jurisdiction under the Constitution, ART. 4, sec. 33, and that this would be so, even if the complaint had been in tort, in one of that class of cases, where prior to the Code, the plaintiff could have elected to declare in in either tort or contract. That question, how-

ever, does not arise here because the complaint is in contract and for a less sum than $200.

There is error.

PER CURIAM. Judgment reversed and action dismissed.