P. A. HOOVER v. B. H. PALMER.

*Injury to Person—Arrest and Bail.*

The seduction of a daughter being an infringement of the father's relative rights of person, is an injury to his person within the meaning of C. C. P., § 149 (1). and a sufficient ground for the arrest of the defendant in an action for such tort.

MOTION to vacate an Order of Arrest, heard at Fall Term, 1878, of DAVIDSON Superior Court, before *Graves, J.*

The plaintiff instituted a civil action for damages against the defendant for the seduction of his daughter, and on filing the required bond, an order of arrest was made by the clerk, and the defendant was held to bail. Upon the hearing of the motion to vacate, His Honor held that an order

of arrest could not be granted in such action and allowed the motion, from which judgment the plaintiff appealed.

*Messrs. M. H. Pinnix* and *W. H. Bailey,* for plaintiff.
*Messrs. Merrimon, Fuller & Ashe,* for defendant.

DILLARD, J. In this action the plaintiff sued to recover damages for the seduction of his daughter, and procured an order of arrest, under which the defendant was taken and held to bail, and aftewards at fall term, 1878, of Davidson superior court, the defendant moved to vacate the order of arrest, and His Honor granted the motion, on the ground that it is not one of·the cases for which an arrest is authorized by the Code of Civil Procedure.

The Code, § 149, (1), prescribes that a defendant may be arrested in an action arising on contract, where he is a non-resident of the state, or is about to remove therefrom; and in an action for the recovery of damages on a cause of action not arising out of contract, where the action is for injury to person or character, or for unlawfully taking, detaining, or converting property.

It is under this clause that the authority to arrest is claimed and in our opinion the claim is well founded.

Blackstone, in his Commentaries, and indeed all the elementary writers divide rights into two kinds,—such as concern or affect the person, called *rights of person,* and such as concern things,. which are foreign to the person called *rights of things.·* The class, *rights of person,* is sub-divided into rights of person absolute, being such as belong to one, individually and separately considered, and rights of person *relative,* being such as extend to one in relation to and connection with others. Under this classification of rights, criminal conversation and seduction are enumerated and treated of by the law writers as injuries to, and included within the class of, the relative rights of person of a hus-

band and parent. 3 Blackstone, 138 ; 2 Kent., 1295 ; 1 Chitty's Pleading, 137.

The section of the Code under consideration, after providing for arrest in actions *ex contractu* as against a non-resident, and one about to remove from the state, authorizes an arrest in causes of action not arising out of contract, in language broad enough to include all actions *ex delicto*, and then particularizes actions for *injury to person*, character, and property in the latter branch of the first sub-division, with a further enumeration of the instances in which arrests may be made in other sub-divisions. On reading the whole section it is difficult to adopt the construction contended for by the defendant. Such a construction involves the absurdity of the legislature's intending to subject a trespasser or a tort-feasor to give bail for his appearance, and answer to an action in respect of property of insignificant value ; while no security can be had for the forthcoming of a seducer to answer an action for debauching a daughter. We think it was not so intended, and the words of the statute do not demand such a construction.

It is fair to conclude that the legislature in providing for arrest and bail in an action for *injury to person* used those words—*injury to person*—according to their established legal signification in the classification of rights and injuries thereto as taught in the elementary writers, and, thus considered, the language employed in legal effect authorized, as we think, an arrest for all those injuries (seduction included) which may be suffered in respect of any rights of person, absolute or relative. This, we hold, was intended to be and is the proper construction of the section of the Code in question.

The same construction is given in New York from which the section under consideration was copied. *Delametor* v. *Russell*, 4 How., 234; *Elamburg* v. *Lasker*, 50 How., 432.

There is error in the judgment of the court below in vacating the order of arrest and the same is reversed.

Error.                                              Reversed.