WILLIAM A. HANNAH v. RICHMOND & DANVILLE RAIL-
ROAD COMPANY.

*Action in Tort—Jurisdiction.*

1. An action for damages for an assault does not survive to a personal representative. Bat. Rev., ch. 45, § 113, 114.

2. An action by a passenger against a railroad company for a violated contract of carriage, is cognizable in a justice's court where the complaint shows upon its face that the claim asserted in less than $200; and the court will *ex mero motu* take notice of the want of jurisdiction.

(*Peebles* v. *R. R. Co.*, 63 N. C., 238 ; *Froelich* v. *So. Ex. Co.*, 67 N. C., 1 ; *Israel* v. *Ivey*, Phil. 551 ; *Winslow* v. *Weith*, 66 N. C., 432, cited, distinguished and approved.

CIVIL ACTION tried at Spring Term, 1882, of ROWAN Superior Court, before *Eure, J.*

The action is for damages, and was begun by the plaintiff on the 15th of August, 1876, in the superior court of Davidson county, and after the pleadings were put in, was removed for trial to the county of Rowan. The plaintiff having died, his administrator, J. P. Hannah, at spring term, 1881, came into court and was made a party plaintiff and allowed to prosecute the suit.

Upon an intimation by the court that the plaintiff could not recover, he submitted to a nonsuit and appealed.

*Messrs. J. M. McCorkle* and *W. H. Bailey*, for plaintiff.
*Mr. David Schenck*, for defendant.

SMITH, C. J.   The complaint alleges that the plaintiff purchased a ticket (for $2.75) from the defendant's agent at Thomasville for a passage on the defendant's train thence to Charlotte, and that while travelling on the train as he was entitled to do under the contract, he was forcibly expelled from the car, in which he was seated, at China Grove station, intermediate between the place of starting and of his destination, by the defendant, its agents and servants, in disregard of the agreement for carriage, whereby he was wronged, and suffered indignities, the damages for which he seeks a recovery in the action.

The complaint is, as we understand, in tort and for the assault upon the person of the plaintiff, in compelling him by the use of actual force to leave the train in which he was travelling and had a right to remain, until the arrival at Charlotte.

The defence set up in the answer is that the plaintiff voluntarily left the train, which he entered at Thomasville, at the station at Salisbury, where he remained one night, and, without another ticket, had resumed his journey in the

succeeding passenger train on the next day, and was forced to leave it because of his refusal to pay the fare from Salisqury to Charlotte, as passengers under such circumstances were required to do.

The cause was tried at spring term, 1882, and after hearing the whole evidence the court expressed the opinion that the plaintiff was not entitled to recover, in submission to which he suffered judgment of nonsuit and appealed.

As an action for an assault, it did not survive the death of the original party, and, as a cause of action, could not be prosecuted by the personal representative by the express words of the act of April 6th, 1869. Bat. Rev., ch. 45, § § 113, 114. The case to which our attention has been called by the plaintiff's counsel in the argument, (*Peebles* v. *R. R. Co.*, 63 N. C., 238) is not applicable, since the decision, rendered at January term, 1869, was itself previous, and upon facts that occurred before the passage of the act which governs and controls the present case, and upon a different law.

If treated as an action for a violated contract of carriage merely, the claim asserted in the complaint would be solely within a justice's jurisdiction—an obstacle equally fatal to the recovery. *Froelich* v. *So. Ex. Co.*, 67 N. C., 1. The want of jurisdiction appearing upon the face of the complaint may be taken at any time, and will be noticed and acted on *ex mero motu* by the court. *Israel* v. *Ivey*, Phil., 551; *Winslow* v. *Weith*, 66 N. C., 432, and other cases.

The judgment should have been that the cause of action had abated, and this judgment will be entered in this court. Neither party will recover costs.

PER CURIAM.                    Judgment accordingly.