CASE 26—ORDINARY—JUNE 3, 1884.

# Donahue v. Drexler.

### APPEAL FROM JEFFERSON COMMON PLEAS COURT.

1. Donahue instituted suit against Drexler for assault and battery. Afterwards the suit was, by written agreement, dismissed, settled; each party paying his own costs. From this assault he died a few days after the dismissal of the suit. *Held*—that the dismissal by Donahue of his suit for assault and battery did not bar a suit against Drexler by Donahue's widow for damages on account of the killing under sec. 6, ch. 1, Gen. Stats.

2. The statute creates a new grievance; a new cause of action in which neither the deceased nor his administrator has any interest. The injury is to the widow and her children, if any.

M. BOLAND AND ALPHEUS BAKER FOR APPELLANT.

1. Where a husband makes a compromise with a party who has wantonly beaten him with a deadly weapon whereby in consideration of the receipt of money the husband releases the party from all claim for damages on account of the injury, and the husband afterwards died from the injuries, such compromise does not bar his widow's right to an action against the party killing the decedent under section 6, chap. 1, Gen. Stats., p. 142; Gen. Stats., p. 179; 1 Parker, 182; 12 Pick., 496; 39 Ala., 229; Elder v. R. R. Co , 14 B. Mon., 204; Hansford v. Payne, 11 Bush, 380; Conner v. Paul, 12 *Ib.*, 144; Wells' Res. Adjudicator, 18, 19; Hardin v. Smith, 7 B. Mon., 392; 25 Hun., N. Y., 626.

BYRON BACON AND ISAAC CALDWELL FOR APPELLEE.

1. The assault was but one act, and the damage resulting therefrom was measured out, assessed, and the compensation therefor fixed and paid to the deceased, and enjoyed by him and the very party now suing (his wife) during his lifetime. Conner v. Paul, 12 Bush, 145.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

In January, 1881, John Donahue brought suit for assault and battery against Frederick Drexler. On the 25th of the following April it was, by written agreement, dismissed, settled; each party paying his own

costs. Donahue died the 8th day of May, and his wife, the appellant, on the 24th of September, 1881, instituted this action against Drexler for reparation of the injury resulting to her from the killing of her husband. Her suit is based upon the 6th section of chapter 1, General Statutes, which reads as follows: "The widow and minor child or children (or either or any of them) of a person killed by the careless, wanton, or malicious use of fire-arms, or by any weapon popularly known as Colt's, brass-knucks, or slung-shots, or other deadly weapons, not in self-defense, may have an action against the person or persons who committed the killing, and all others aiding or promoting the killing, or any one or more of them for reparation of the injury; and in such action the jury may give vindictive damages." To the petition the appellee filed a general traverse, and also pleaded in bar of the appellant's action the former suit of her husband for assault and battery.

The appellant demurred to the plea in bar, which was overruled, and failing to reply, her petition was dismissed. From the judgment dismissing her action she has appealed. Does the former suit of the husband for assault and battery and its settlement constitute a bar to her cause of action under the statute is the question to be determined.

According to chapter 10, General Statutes, actions for assault and battery, slander, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury cease with the death of the person, and can not be brought or revived by the personal representative. The right of

action for all other personal injuries or injuries to real or personal property survive, notwithstanding the death of the person injuring or the person injured.

It has been held in the case of Hansford's adm'r. v. Payne & Co., 11 Bush, 385, that this chapter does not authorize suit by the personal representative where death, from the injury, is instantaneous, its object being to except certain classes of personal injury and injuries to property from the common law rule that personal actions die with the person; that it creates no new causes of action. The same construction was given the statute in the cases of Murphy and Case, 9 Bush.

The case of Connor's adm'r. v. Paul, 12 Bush, 144, has no application to an action like the present, for there the suit was by the personal representative for the death of the intestate under an Indiana statute, and the point decided was that the same personal representative could not maintain another action for the mental and bodily suffering of her intestate, which survived under the common law. As the cause of action was based upon the same facts, and the degree of negligence required by the statute being merely higher than at common law, the personal representative was held to an election, because an action for the death was a bar to the common law action for mental and bodily suffering before death. 14 B. M., 165. It was also decided in Hansford's adm'r. v. Payne, &c., 12 Bush, 385, that "a recovery of punitive damages for the destruction of the life will certainly bar any other action for the injury or any of its consequences, and if a party elects to sue and enforce the right of action that

survives to him, he will not be allowed afterward to avail himself of the benefits of the punitive statute and also to recover under its provisions.''

Those cases were decided upon a different state of affairs from the one before us. The recovery in them could have been made only by the personal representative for the pecuniary injury to the estate. There is much good reason to sustain the position of those cases based on the fact that the personal representative could do only what the deceased could have done had death not ensued.

The representative stands for the deceased, his estate, and the rights of his creditors therein, and he should not be allowed to carve up the cause of action any more than the deceased, had he survived the injury. In this case we find two causes of action with different purposes and reasons for their existence. The suit for assault and battery could not have survived to the personal representative, for the statute says it shall die with the person injured or injuring. It was a personal action purely for the bodily injury; not for pain, suffering, and loss of service to his wife and children, after the injury and before death, and the compensation which he had the right to, was extinguished by his death, or the settlement which he made. But his right of action for the bodily injury from the assault and battery is wholly distinct from the action, which the widow and minor children may have for reparation, after injury resulting to them from the death. This statute creates a new grievance, a new cause of action, in which neither the deceased nor his estate, has any interest, and for which his administrator could not sue.

It is based upon the wrong to the wife and children by depriving them of their natural support and protection which the law gives them in the husband and father.

The injury is to them and their rights. They have the exclusive right of action under the statute, and are entitled personally to the results of any judgment that may be recovered.

This is a highly penal statute, passed to protect widows and orphans from pecuniary distress, resulting from the acts described in the statute, and to prevent the perpetration of such acts by awarding vindictive damages in addition to or regardless of the punishment which may be inflicted by the criminal law. 25 Hun. (N. Y. 5 C.), 627; 23 N. Y., 469.

Wherefore, the judgment is reversed, and cause remanded with directions to sustain the demurrer and for further proper proceedings.