W. C. POWELL et al. v. W. B. ALLEN et al.

*Abuse of Legal Process—Restitution, when Ordered—Amend-ment—Jurisdiction—Injunction.*

1. A brought an action of claim and delivery before a Justice of the Peace, and took the property from the defendant under the pro-cess of that Court. Upon the trial, the Justice ruled that he had no jurisdiction, made an order of restitution, and gave judgment in favor of the defendant for $150, as the value of the property in dispute, to be collected in the event the property was not restored. A then brought an action in the Superior Court to restrain the collection of the judgment for $150. A restraining order was denied him, and he paid the $150. Afterwards the Judge permitted A to amend his complaint so as to set up the payment of the $150, and demand judgment for same: *Held*, (1) that denial of restraining order was proper; (2) that as the $150 was not paid until after the action was brought, it was error to allow the amendment; (3) that the allowance of such amendment was also erroneous because it changed the action and made it substan-tially a new one; (4) that the demand for the $150 sounded in con-tract, and therefore the Superior Court had no jurisdiction of an action to recover it.

POWELL *v.* ALLEN.

2. A party will not be permitted to take any advantage obtained by the abuse of legal process, nor will the courts permit the opposite party to be prejudiced thereby.

3. The courts will promptly enforce restitution of property taken by abuse of legal process, and will not proceed to administer the rights of the parties until such restitution is made.

CIVIL ACTION, tried before *Avery, J.*, at April Term, 1888, of FRANKLIN Superior Court.

The plaintiffs brought their action in the Court of a Justice of the Peace against the present defendants, to recover possession of a mule and certain cotton, of greater value than $50, and under the ancillary proceedings of claim and delivery the property was delivered to the plaintiffs in that action, who are the plaintiffs in the present one. In the course of the action the Justice of the Peace dismissed the same, upon the ground that his Court had not jurisdiction of the cause of action, and gave judgment of restitution of the property against the plaintiffs, and an alternative judgment in that connection against them for $150 in favor of the defendant.

The plaintiffs having failed to restore the property to the defendants, an execution was issued upon the alternative judgment, and the Sheriff was about to enforce the same, when the present plaintiffs brought this action to obtain an injunction to restrain him from collecting the money, upon the ground that the property belonged to the plaintiffs, and if they paid the money they might not be able to recover the same, &c. A Judge at Chambers denied the motion for an injunction. pending the action, until the hearing upon the merits. Afterwards the plaintiffs paid the money in discharge of the alternative judgment, and, by leave of the Court, amended their complaint, alleging that money so paid belonged to them, &c.

On the trial, after the jury was empanelled, the defendants moved the Court to dismiss the action, on the grounds:

. 1. That the complaint did not state facts sufficient to constitute a cause of action.

2. That the alleged cause of action, to-wit, the collection of the sum of one hundred and fifty dollars, has arisen since this action was brought, as appears from the supplemental complaint.

3. That there is a want of jurisdiction, in that this Court cannot try an action to recover one hundred and fifty dollars, alleged to have been wrongfully paid to the Sheriff, when it appears that it was collected by the Sheriff, under process, rightfully issuing from the Court.

Thereupon the Court gave judgment for the defendants for costs.

Plaintiffs excepted to the ruling of the Court and the judgment, and appealed to this Court.

*Mr. C. M. Cooke,* for the plaintiffs.
*Messrs. N. Y. Gulley* and *F. S. Spruill,* for the defendants.

MERRIMON, J. (after stating the case). It is not alleged that the judgment of restitution and the alternative judgment mentioned in the complaint, before it was amended, were in any respect improper or subject to valid objection. Indeed, inasmuch as the Justice of the Peace decided that he had no jurisdiction of the cause of action and dismissed the action, it was his duty to require the property, improperly seized and placed in the possession of the plaintiffs in that action, to be restored to the defendants therein, and in case of default in this respect that the value of the property be paid to them.

The Court could not allow an improper and illegal use and abuse of its authority and process to prejudice a party, nor will it allow the moving party in such case to take advantage thereby. It will, on the contrary, and it is its duty, as far as practicable, to restore the parties to the same status

in all respects that each had when the authority of the Court was at first improperly exercised, and its process operative. Nor will the Court delay to do so, or allow its purpose to be obstructed in any way; its integrity, duty, and absolute fairness in all things alike prompt it to such a remedial course of action.   Nor will it proceed to administer the rights of the parties until such restitution shall be made.   *Perry* v. *Tupper*, 71 N. C., 385; *Manix* v. *Howard*, 82 N. C., 125.

The Court, therefore, properly refused to grant the injunction as demanded by the complaint.

It appears from the amended complaint, that the plaintiffs paid the defendants one hundred and fifty-eight dollars and seventeen cents in discharge of the alternative judgment mentioned, and they allege that the money thus paid belongs to them, and they seek to recover the same in this action.

There are two inseparable obstacles that prevent such recovery : First, the Superior Court did not have original jurisdiction of the sum of money demanded.   It being less than two hundred dollars, was within the exclusive jurisdiction of the Court of a Justice of the Peace.   This action is not brought to recover the property mentioned—the plaintiffs have that in their possession—but the money which they allege they ought not to have been required to pay, and therefore, the defendants have it as money had and received to their use.   Waiving all possible tort, they contend that the law implies a contract or promise on the part of the defendants to pay them the money.   The demand is not, therefore, for a tort, in any possible view of it, of which the Superior Court has jurisdiction.   *Winslow* v. *Weith*, 66 N. C., 432 ; *Latham* v. *Rollins*, 72 N. C., 454 ; *McDonald* v. *Cannon*, 82 N. C., 245 ; *Burbank* v. *Commissioners*, 92 N. C., 257.

Secondly, the cause of action arose after the action began. It appears from the allegations of the amended complaint, that the money which the plaintiffs paid to the defendant,

and which they seek to recover, was paid sometime after this action was brought. It is settled that, ordinarily, the cause of action must have existed at the time the action began.

Moreover, the introduction of such new cause of action could not be allowed, the defendant objecting, because it changed the action and made it substantially a new one. This could not be allowed. *Kramer* v. *Electric Light Co.*, 95 N. C., 277; *Clendenin* v. *Turner*, 96 N. C., 416; *Glover* v. *Flowers*, 101 N. C., 134; *Bynum* v. *Commissioners, ibid.*, 412.

No error.                                          Affirmed.