### THOMAS SCARLETT v. JAMES NORWOOD.

*Action by Father for Damages for Seduction of Daughter—Loss of Services.*

A father, being entitled to the services of his minor daughter, and it being incumbent on him to pay the expenses attendant upon her illness and death, has a right of action against her seducer for the loss of such services, etc., and the jury may add punitory damages for the injury to his affections and the destruction of his household.

This was a CIVIL ACTION, heard before *Bynum, J.,* upon complaint and demurrer at August Term, 1894, of ORANGE Superior Court, sounding in damages for loss of services of the infant daughter of the plaintiff, and for damages by

reason of the criminal connection, seduction, enticing, debauching and degrading said daughter, thereby damaging said plaintiff, and for medical care, nursing and attendance upon said daughter during her illness, as well as for the services rendered the said Norwood by said daughter.

The demurrer was sustained, and plaintiff appealed.

*Mr. John W. Graham,* for defendant (appellant).
No counsel, *contra.*

CLARK, J.: This was an action brought by the father, alleging seduction of his infant daughter, loss of her services, expenses of her illness, her death, injury in his affections, etc. It is the common law action of seduction, and we know of no statute depriving the father of his remedy in such cases. If an action on facts can be maintained for wrongful act causing death, under the provisions of *The Code,* § 1498, it could be brought only by the personal representative, as is rightly contended by defendant's counsel. But the plaintiff is entitled to any relief to which the facts stated in his complaint (if proven) entitle him. *Patrick* v. *Railroad,* 93 N. C., 422; *McNeill* v. *Hodges,* 105 N. C., 52; Clark's Code, 2d Ed., pages 150, 151. Here the allegation of death caused by wrongful act of defendant is only a circumstance in aggravation of damages in the action for seduction. *Hood* v. *Sudderth,* 111 N. C., 215, relied on by defendant, has no application. That case held that when the woman seduced is of age, there being no loss of services to the father, the only cause of action in such case is the tort, the fraud and deceit causing injury to her person and good name. It held that the woman herself can in such case maintain the action, being the party injured. But here the girl being a minor, the father was entitled to her services, it was incumbent upon him to pay the expenses attendant upon her illness, and the jury, upon com-

mon law and immemorial precedent, might add punitory damages for the wrong done him in his affections and the destruction of his household. He is the party in interest, and can maintain the action under *The Code*, § 177, and it has been ruled could have the defendant held in arrest and bail. *Hoover* v. *Palmer*, 80 N. C., 315.

Whether, when an action for seduction of a minor is brought by the parent, another action can be brought by the girl herself for the injury to her person, suing by next friend, as in *Smith* v. *Richards*, 29 Conn., 232, or after her arrival of age, is an interesting question not before us. It is settled that this can be done when an infant has been injured by the negligence of another. *Bottoms* v. *Railroad*, 114 N. C., 699, 708. It is such action, if it can be brought by the minor, as would die with her person under *The Code*, § 1491 (2); *Hannah* v. *Railroad*, 87 N. C., 351. That section does not apply to this action brought by the father, which is not for the injury to the person and good name of the daughter, but for loss of services, expenses incurred by him and injury in his affections. Hence, it does not abate at her death. *Wilton* v. *Webster*, 32 E. C. L., 491; *Ingram* v. *Miller*, 47 Barb. (N. Y.), 47. In overruling the demurrer there was error. Error.

SHEPHERD, C. J. (concurring): I concur in the conclusion that the father can maintain the action for loss of services, etc., but I do not concur in the reasoning of the opinion, and especially in that part which approves the doctrine laid down in *Hood* v. *Sudderth*, that a woman can maintain an action for her own seduction. *Volenti non fit injuria.*

BURWELL, J.: I concur in the opinion of the Chief Justice.