S. B. HARPER v. COMMISSIONERS OF NASH COUNTY et al.

(Decided November 1, 1898).

### Death of Plaintiff.

Cause of action for injury to the person, not causing death, does not survive the death of injured person.

CIVIL ACTION heard before *Bryan, J.*, at Spring Term, 1898, of NASH Superior Court to recover damages for personal injuries received by him from the breaking down of a County Bridge, on demurrer.

Demurrers filed and sustained. Plaintiff appealed; pending the appeal plaintiff died. Motion to make his administrator party plaintiff. Motion denied. *The Code*, Section 1491.

*Mr. C. M. Cooke*, for plaintiff (appellant).

*Messrs. F. S. Spruill, H. G. Connor* and *Jacob Battle*, for defendants.

DOUGLAS, J.: The plaintiff brought his action on the 17th day of August, 1897, to recover damages for personal injuries received by him from the breaking down of a County bridge. The defendants severally demurred to the complaint, which demurrers were sustained by a judgment of the Superior Court rendered on the 2nd day of May, 1898. The plaintiff appealed, and has since died. His administrator now asks to be made a party plaintiff and to be permitted to maintain the action.

This motion must be denied, as the cause of action does not survive the death of the plaintiff and therefore the action necessarily abates.

The right of the plaintiff himself to sue for personal injuries of any kind is entirely separate and distinct from the right of his personal representative to sue for personal injuries resulting in death. The former existed at common law, while the latter is purely of statutory origin. At common law, and until the passage of the Act of 9 and 10 Victoria, Chapter 93, known as Lord Campbell's Act, no cause of action whatever arising from injuries to the person, no matter what their result, survived the death of the injured party. Those that now survive do so purely by statutory power. Section 1490 of *The Code*, provides: "Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, *except as hereinafter provided,* shall survive to and against the executor, administrator or collector of his estate." And in Section 1491: "The following rights in action do not survive . . . . (2) Causes of action for false imprisonment, assault and battery, or other injuries to the person, where such injury does not cause the death of the injured party." This provision applies directly to the case at bar, and of course no action can be maintained where the cause of action has ceased to exist. *Hannah* v. *Railroad*, 87 N. C., 351. The cause of action provided in Sections 1498 and 1499 of *The Code* is not before us, and any liability of the defendants thereunder must be determined in a separate action. The motion is denied, and the action abates.