BOLICK v. RAILROAD.

(Filed May 9, 1905.)

*Action  for  Wrongful  Death—Pleadings—Amendment— Abatement—Action  for  Personal  Injuries—Merger.*

1.  As a cause of action for death by wrongful act cannot accrue till the death, it cannot be set up by an amendment to an action instituted by the deceased himself for injuries which subsequently resulted in his death.

2.  A cause of action for personal injuries abates upon the death of the plaintiff, though the injury subsequently results in death.

3.  When death occurs pending an action for personal injuries, such cause is merged in the action for the death, and the only remedy is that given under section 1498 of the Code.

ACTION by Frank Bolick against the Southern Railway Company, heard by *Judge T. A. McNeill* at the July Term, 1904, of the Superior Court of CATAWBA County. The Court granted defendant's motion that the action abate by reason of the death of the plaintiff, and the administrator of plaintiff appealed.

*Self & Whitener* and *T. M. Hufham* for the plaintiff.
*S. J. Ervin* for the defendant.

CLARK, C. J.   This was an action begun in May, 1903,
for personal injuries sustained by plaintiff by reason of the
alleged negligence of the defendant.   The plaintiff died in
April, 1904, and at May Term following, his administrator
asked to be substituted as party plaintiff and allowed to prose-
cute the action, alleging that the personal injuries sued for
caused the death of his intestate.   The defendant moved the
court that the action abate by reason of the death.   This last
motion was allowed and the administrator appealed.

The action for personal injuries was maintainable at com-
mon law and abated upon the death of the plaintiff.   The
right of action for death caused by the wrongful neglect or
default of another was first conferred by Lord Campbell's
Act, 9 & 10 Victoria, which begins by expressly reciting that
at common law action for such cause could not be maintained.
With some variations that statute has been adopted in proba-
bly every State of the Union.   It has been uniformly held
that such statutes confer a new right of action which did not
previously exist.   8 A. & E. Enc. (2 Ed.), 858.   In this
State an action for death by wrongful act was first given by
ch. 39, Laws 1854, which now with some modifications is The
Code, sections 1498, 1499 and 1500.   The history of this
legislation and summary of decisions is fully given in *Kil-
lian v. Railroad,* 128 N. C., 261.

As the cause of action for the wrongful death could not ac-
crue till the death, it could not be set up by an amendment
to this action which was instituted by the plaintiff himself.
*Gillam v. Ins. Co.,* 121 N. C., 369; *Powell v. Allen,* 103
N. C., 46; *Bynum v. Commissioners,* 101 N. C., 412.

It is equally clear that the cause of action for personal in-
juries abated upon the death of the plaintiff though "the in-
jury subsequently resulted in death."   *Killian v. Railroad,*

*supra.* In *Harper v. Commissioners,* 123 N. C., 118; *Scarlett v. Norwood,* 115 N. C., 286, and *Hannah v. Railroad,* 87 N. C., 351, it was held that a cause of action for a personal injury did not survive the death of the injured party, the court in the latter case saying that *Peebles v. Railroad,* 63 N. C., 238, did not apply since the adoption of The Code, section 1490. It is provided by section 1491: "The following rights in action do not survive   *   *   *   2. Causes of action for false imprisonment, asault and battery or other injuries to the person, where such injury does not cause the death of the injured party." "Where such injury does not cause" means simply "unless such injury shall cause" the death of the injured party. The appellant argues that in as much as the expression "where such injury does not cause the death of the injured party," and death here resulted ultimately from such cause, that this action did not abate. But we are of opinion that such inference cannot be drawn and that the statute meant no more than the action for personal injury could not be maintained after the death of the injured party unless the injury caused the death, in which case an action could be brought under section 1498. If an action could be maintained, notwithstanding the death, for the injuries resulting in death, there would be two actions for the death, one accruing to the administrator, the recovery wherein to be applied as general assets, and the other, also by the administrator, the recovery in which would be applied "not as assets," but would go in distribution to the next of kin. In the first case the death would be the proof, and the climax of the injuries sustained and we should have two actions by the same party, the administrator, to recover upon substantially the same cause of action.

Nor do we see any reason why if the injured party die, from other causes, the action for personal injuries should abate (as is admitted), but if he ultimately die from the injuries it should not abate. We understand the words in

Code, section 1491 (2), providing for the abatement of actions for injuries to the person "where such injuries do not cause the death of the injured party," not as a provision by implication that such actions survive, but as a recognition that (under The Code, sec. 1498) in case of the death of the injured person from such injuries an action is now expressly given by statute. Such other action, counsel stated, has been brought and is now pending. In that action appropriate relief can be had.

The plaintiff relies upon *Schlicting v. Wintgen,* 25 Hun., 626, in which it was held "It is no defense to an action to recover for the wrongful killing of the intestate that he had in his life time recovered a judgment against the same defendant for the personal injuries which resulted in his death." We think this was correctly held, for there the death was a cause of action accruing subsequent to the judgment, but when the death occurs pending an action for personal injuries, of which the death is the greatest, we think such cause is merged in the cause of action for the death and that the only remedy, under our statute, is that given under section 1498, and that the pending action for the lesser injuries abates.

No Error.