### D. B. WATTS v. GEORGE W. VANDERBILT.

(Filed 23 December, 1914.)

**Abatement and Revivor—Tort Feasor—Personal Injury—Death—Interpretation of Statutes.**

> At common law a right of action sounding in tort for personal injuries inflicted does not survive the tort feasor, and the doctrine is not changed by statute, where the injury does not cause death, the exceptions in Revisal, sec. 157, to the provisions of section 156 being expressly to that effect; nor is this interpretation affected by section 415, providing that no action shall abate by death, etc., or that the court may allow the action to continue, etc.; these provisions relating to such actions as survive, and not to actions for personal injuries, which do not survive.

APPEAL by defendant from *Webb, J.,* at Spring Term, 1914, of TRANSYLVANIA.

Civil action to recover damages for personal injuries caused by alleged negligence on the part of G. W. Vanderbilt, heard on demurrer and motion to abate.

G. W. Vanderbilt having died, his executors were made parties defendant. Whereupon, plaintiff filed his complaint that he was injured by negligent conduct of G. W. Vanderbilt while in his employment as stonecutter, engaged in preparing stones for a lodge of defendant in Pisgah Forest, in that he wrongfully and negligently selected inexperienced and unskillful foreman and hands in the work while plaintiff was employed, etc., and by reason of such negligence he was injured, losing sight of one eye, etc. Complaint further alleges death of G. W. Vanderbilt and appointment of defendants as executors. There was demurrer on the ground that no cause of action was stated against the executors, etc.

Judgment overruling demurrer, and defendant excepted and appealed.

*Harkins & Van Winkle and Merrick & Bernard for defendant.*
*No counsel for plaintiff.*

HOKE, J. At common law actions for personal injuries died with the person committing the wrong. *Rippey v. Miller,* 33 N. C., 247; Schouler on Executors (2 Ed.), sec. 370; 3 Williams on Executors, p. 228.

In *Rippey's case, Ruffin, C. J.,* stating the doctrine, said: "An action for tort was lost at common law by the death of either party, the injured or the injurer, upon the maxim, *actio personalis moritur cum persona.*"

This being the recognized principle, the question presented by the appeal is whether, under our legislation on the subject, the right of action will survive as against the executors of the deceased.

Referring, then, to the statutes applicable, section 156 of Revisal of 1905 provides: "Upon the death of any person all demands whatsoever, and rights to prosecute or defend any action or special proceedings, existing in favor of or against such person, except as hereinafter provided, shall survive to and against the executor, administrator, or collector of his estate."

Section 157, enumerating the actions which do not survive, includes among others: "Causes of action for false imprisonment, assault and battery, or other injuries to the person, where such an injury does not cause the death of the injured party."

In several decisions of this Court interpreting this section it has been held that actions for injuries to the person do not survive. *Bolick v. R. R.,* 138 N. C., 370; *Morton v. Tel. Co.,* 130 N. C., 299; *Strauss v. Wilmington,* 129 N. C., 100; *Harper v. Comrs.,* 123 N. C., 118.

This construction is no way affected by section 415 of Revisal, enacting that: "No action shall abate by the death, marriage, or other disability of a party or by the transfer of any interest therein, if the cause of action survive or continue," etc.

By the express wording of this provision, it only applies in case the "cause of action survives," and this, as we have seen, is not true in the presented case. A similar ruling has been made in other courts of recognized authority. *Hegerish v. Keddy,* 99 N. Y., 258; *Munroe v. Bruo,* 70 Fed., 967.

The second paragraph of section 415, to this effect, "That in case of death, except in suits for penalties and for damages merely vindictive, marriage or other disability of a party, . . . the court on motion may allow the action to be continued," etc., is not intended to affect the first paragraph, but only as a regulation of procedure when the action survives.

There was error, therefore, in overruling the demurrer, and, on the facts presented in this record, the same should have been sustained and judgment entered that the action abate.

Reversed.